Removing.

"O"

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. ROHRMANN, VICKI C. ROHRMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST METROPOLITAN FUNDING CORPORATION, a California Corporation; COUNTRYWIDE BANK, FSB, a California Corporation; COUNTRYWIDE HOME LOANS, INC., a California Corporation; COUNTRYWIDE FINANCIAL CORPORATION, a California Corporation; and DOES 4 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV08-0313 AG (CTx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants Countrywide Financial Corporation ("Countrywide Financial"), Countrywide Bank, FSB ("Countrywide Bank"), and Countrywide Home Loans, Inc. ("Countrywide") (collectively, the "Countrywide Defendants") have filed a Motion to Dismiss ("Motion"). After considering all papers and arguments submitted, the Court DENIES in part and GRANTS in part the Countrywide Defendants' Motion with leave to amend.

**BACKGROUND**

The following facts are taken from Plaintiffs' Second Amended Complaint ("SAC"), and for the purposes of this Motion, the Court assumes them to be true.

On January 31, 2006, Plaintiffs Vicki and Carl Rohrmann ("Plaintiffs") entered into an Option Adjustable Rate Mortgage ("Option ARM") loan agreement with Defendant First Metropolitan Funding Corporation ("First Metropolitan"). (SAC ¶ 3, Ex. 1.) That loan was a "deceptively devised financial product," sold to Plaintiffs "on the promise of a low, fixed payment resulting from a prominently featured low interest rate." (SAC ¶ 19.) In fact, Plaintiffs were charged a much greater interest rate than promised. (SAC ¶ 19.) Defendants also failed to inform Plaintiffs that the loan was designed to, and did, cause negative amortization to occur. (SAC ¶ 19.)

Countrywide Financial is in the business of securitizing home mortgage loans and purchased numerous Option ARM loans originated by First Metropolitan, including Plaintiffs' loan. (SAC ¶ 17(b).) Through that arrangement, First Metropolitan collected fees from homeowners and from Countrywide, while Countrywide collected revenues through the securitization process. (SAC ¶ 17(b).) The arrangement was "critical" for First Metropolitan, as without Countrywide's financial support, First Metropolitan lacked the financial resources to continue issuing Option ARM loans. (SAC ¶ 17(c).) While providing that financial support, Countrywide was aware of First Metropolitan's failure to disclose certain facts to homeowners such as Plaintiffs, but did nothing to correct those omissions because "unless the truth about these Option ARM loans was concealed from Plaintiffs and other borrowers, those loans could not be sold and there would be none available to securitize." (SAC ¶ 17(d).)

Based on these facts and others, Plaintiffs, on behalf of a putative class, have brought three claims against the Countrywide Defendants, numbered as follows: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) fraudulent omissions.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

**1.    PLAINTIFFS' FIRST CLAIM FOR TILA VIOLATIONS**

Plaintiffs' first claim for TILA violations is brought against all Defendants. Plaintiffs allege that Defendants violated TILA by failing to "clearly and conspicuously" disclose: (1) a

1  single annual percentage rate ("APR"); (2) that the payment schedules distributed to
2  homeowners are not based on actual interest rates; (3) the terms of homeowners' "legal
3  obligation"; (4) the composite APR; (5) the fact that negative amortization would occur if
4  Plaintiffs followed the payment schedule provided; (6) that the initial interest rate was
5  discounted; and (7) the effect of the payment cap on the true cost of the loan. Plaintiffs also
6  allege that Defendants violated TILA by failing to cancel their security interest and refund all
7  monies paid by Plaintiffs within twenty days of receiving the First Amended Complaint in this
8  case, which constituted a demand for rescission under TILA. Defendants argue that Plaintiffs'
9  TILA claim is time-barred.

10  An action for damages under TILA must be brought within one year of the alleged
11  violation. 15 U.S.C. § 1640(e). The violation occurs upon consummation of the loan.
12  *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004). A
13  loan is deemed consummated at "the time a consumer becomes contractually obligated on a
14  credit transaction." 12 C.F.R. § 226.2(a)(13). The loan in this case was consummated no later
15  than January 31, 2006. (*See* SAC Ex. 1.) This action was filed on September 3, 2008, plainly
16  outside of the one-year statute of limitations for damage claims under TILA.

17  Plaintiffs argue that the Court should toll the statute of limitations, asserting that they "did
18  not discover, and could not discover through the exercise [of] reasonable diligence, Defendants'
19  omissions until shortly before this litigation was commenced." (SAC ¶ 57.) To claim the
20  benefit of equitable tolling, a plaintiff must allege circumstances showing that she could not
21  have discovered the facts underlying the claim through the exercise of reasonable diligence or
22  that extraordinary circumstances beyond her control made it impossible to timely file the claim.
23  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006). Here, Plaintiffs assert
24  that they were induced to delay pursuing litigation by the language in their loan documents and
25  monthly mortgage statements. (SAC ¶ 58.) But Plaintiffs also assert that Defendants' alleged
26  TILA violations are "apparent on the face" of the Note and supporting loan documents. (SAC ¶
27  55.) Plaintiffs do not allege facts showing that they could not have discovered the facts
28  underlying their TILA claims within the statute of limitations. The Court declines to toll the

applicable statute of limitations.

Next, Plaintiffs argue that their claim that Defendants violated TILA by failing to rescind their loan within 20 days of receiving the First Amended Complaint is not time-barred. Regulation Z provides that in a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is subject to the security interest shall have the right to rescind that transaction. 12 C.F.R. § 223(a). But Regulation Z exempts from that provision "residential mortgage transactions," 12 C.F.R. § 223(f)(1). The Official Staff Commentary to Regulation Z explains that "[a]ny transaction to construct or acquire a principal dwelling" is exempt from the right to rescind. Official Staff Commentary § 223(f)(1). Here, Plaintiffs allege that they entered into the Option ARM loan agreement "for the purpose of financing their home," and that the loan was secured by Plaintiffs' "primary residence." (SAC ¶ 3.) It is unclear whether Plaintiffs' loan agreement was a "residential mortgage transaction" under Regulation Z and thus exempt from TILA's rescission requirements. Plaintiffs have failed to allege sufficient facts showing that they were entitled to rescind their loan, and their claim that Defendants violated TILA by failing to rescind within 20 days of receiving the First Amended Complaint fails.

Plaintiffs' claims that Defendants violated TILA by failing to make certain disclosures are barred by TILA's one year statute of limitations. Plaintiffs' claim that Defendants violated TILA by failing to rescind their loan fails because Plaintiffs do not sufficiently allege that they had a right to rescind the loan under TILA. The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' first claim for TILA violations.

**2.      PLAINTIFFS' SECOND CLAIM FOR UCL VIOLATIONS**

Plaintiffs' second claim for UCL violations is brought against all Defendants. Plaintiffs allege that the Defendants violated the UCL by "engag[ing] in a pattern of deceptive conduct and concealment" aimed at maximizing the number of borrowers who would enter into Option ARM loans. (SAC ¶126.) Defendants argue that this claim must fail because none of the

1  Countrywide Defendants "disclosed or were responsible for disclosing any information related
2  to the Loan." (Mot. 15:8.)

3        The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal.
4  Bus. & Prof. Code § 17200. "The 'unfair' standard, the second prong of . . . [S]ection 17200, . .
5  . provides an independent basis for relief." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.
6  App. 4th 700, 718 (2001) (internal quotations omitted). It "makes clear that a practice may be
7  deemed unfair even if not specifically proscribed by some other law." *Cel-Tech*
8  *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). To
9  bring a claim under the UCL, Plaintiffs must allege that the defendants have engaged in an
10 unlawful, unfair, or fraudulent business practice, and that Plaintiffs have suffered an injury in
11 fact and lost money and property as a result. *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845,
12 854 (2002); *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1083-84 (C.D. Cal. 2006); *G&C*
13 *Auto Body, Inc. v. Geico Gen. Ins. Co.*, 2007 WL 4350907 at *3 (N.D. Cal. Dec. 12, 2007).

14       Here, Plaintiffs allege that the Countrywide Defendants provided First Metropolitan
15 necessary financing, knowing all the while that First Metropolitan was failing to disclose
16 essential facts about its Option ARM loans. (SAC ¶ 17(d).) Plaintiffs further allege that the
17 Countrywide Defendants did nothing to correct First Metropolitan's omissions because "unless
18 the truth about these Option ARM loans was concealed from Plaintiffs and other borrowers,
19 those loans could not be sold and there would be none available to securitize." (SAC ¶ 17(d).)
20 If not for the arrangement between First Metropolitan and the Countrywide Defendants,
21 Plaintiffs allege, they would not have been induced to enter into the loan agreement. Under
22 similar circumstances, the court in *Plascencia v. Lending 1st Mortgage*, 583 F. Supp. 2d 1090
23 (N.D. Cal. 2008), refused to dismiss a UCL claim against EMC, the subsequent purchaser of the
24 plaintiffs' loan:

25

26       By showing that EMC purchased Lending 1st's [Option ARM loans]
27       with knowledge of Lending 1st's TILA violations, Plaintiffs may be
28       able to establish that EMC gave Lending 1st a financial incentive to

6

> continue to commit those violations, and therefore may be subjected to liability for aiding and abetting violations of the UCL. Moreover, EMC's profiting from loans featuring oppressive terms that were not fully disclosed in compliance with TILA could itself be an unfair business practice under the UCL. EMC may therefore be liable for UCL violations in its own right.

*Id.* at 1098. Here, too, the Countrywide Defendants' profiting from First Metropolitan's oppressive loans may in itself be an unfair business practice. The Court finds that Plaintiffs have adequately alleged a claim for unfair business practices under the UCL against the Countrywide Defendants.

The Motion to Dismiss is DENIED as to Plaintiffs' second claim for UCL violations.

**3. PLAINTIFFS' THIRD CLAIM FOR FRAUDULENT OMISSIONS**

Plaintiffs' third claim for fraudulent omissions is brought against all defendants. Plaintiffs allege that all of the defendants, including the Countrywide Defendants, "engaged in a purposeful and fraudulent scheme to omit and conceal material facts" regarding the Option ARM loans from Plaintiffs. (SAC ¶ 151.) The Countrywide Defendants argue that the claim must fail because: (1) Plaintiffs have not alleged a fiduciary or confidential relationship; and (2) Plaintiffs have not alleged actual reliance. The Court agrees that Plaintiffs have not alleged sufficient facts showing that a relationship giving rise to a duty to disclose existed between Plaintiffs and the Countrywide Defendants. Plaintiffs do not state a claim for fraudulent omissions against the Countrywide Defendants.

The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' third claim for fraudulent omissions.

**DISPOSITION**

The Motion to Dismiss is GRANTED with leave to amend as to Plaintiffs' first and third claims for relief. The Motion is DENIED as to Plaintiffs' second claim. If Plaintiffs wish to file a Third Amended Complaint, they may do so within 21 days of this Order.

IT IS SO ORDERED.

DATED: July 2, 2009

_____
Andrew J. Guilford
United States District Judge