O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. ROHRMANN, VICKI C. ROHRMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST METROPOLITAN FUNDING CORPORATION, a California Corporation; COUNTRYWIDE BANK, FSB, a California Corporation; COUNTRYWIDE HOME LOANS, INC., a California Corporation; COUNTRYWIDE FINANCIAL CORPORATION, a California Corporation; and DOES 4 through 10, inclusive,<br><br>Defendants.<br>_____ | CASE NO. SACV 08-0313-AG(CTx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT |

This case, like many others before the Court, involves the sale of an option adjustable-rate mortgage ("ARM") loan. Defendants Countrywide Financial Corporation ("Countrywide Financial"), Countrywide Bank, FSB ("Countrywide Bank"), and Countrywide Home Loans, Inc. ("Countrywide") (collectively, the "Countrywide Defendants") filed a Motion to Dismiss ("Motion"). After considering all papers and arguments submitted, the Court DENIES in part and GRANTS in part the Countrywide Defendants' Motion.

**BACKGROUND**

The following facts are taken from the Fourth Amended Complaint ("FAC"), and as it must for this Motion, the Court assumes them to be true.

On January 31, 2006, Plaintiffs Vicki and Carl Rohrmann ("Plaintiffs") entered into an Option Adjustable Rate Mortgage ("Option ARM") loan agreement with Defendant First Metropolitan Funding Corporation ("First Metropolitan"). (FAC ¶ 3, Ex. 1.) Defendants did not disclose the fact that negative amortization was "certain to occur" on their loan, and Plaintiffs were not informed that a sharp increase in their interest rate would happen after only one month. (FAC ¶¶ 27-30.) Instead, most of the loan documents said that the negative amortization "may" occur. (FAC ¶ 35.)

Shortly after closing, Plaintiffs' loan was assigned first to Countrywide Home Loans and later to Countrywide Bank. (FAC ¶¶ 5-6.) Countrywide Financial is in the business of securitizing home mortgage loans and purchased numerous Option ARM loans originated by First Metropolitan, including Plaintiffs' loan. (FAC ¶¶ 10,22.) First Metropolitan collected fees from homeowners and from Countrywide, while Countrywide collected revenues through the securitization process. (FAC ¶ 59(d).) The Countrywide Defendants designed the documents provided to Plaintiffs by First Metropolitan, with First Metropolitan later able to insert the "material facts regarding Plaintiffs and other Class Members into those loan documents, print the loan documents, and provide them to Plaintiffs." (FAC ¶ 59.) Countrywide Home Loans and Countrywide Bank made these documents available through document service companies, which allowed First Metropolitan to use the documents by inserting those "material facts." (FAC ¶ 59(f).)

Based on these facts and others, Plaintiffs, on behalf of a putative class, filed a Complaint. Plaintiffs later filed a First Amended Complaint, and this Court granted the Countrywide Defendants' motion to dismiss the First Amended Complaint with leave to amend. (January 22, 2009 Order Granting Motion to Dismiss, Docket Entry 55.) Plaintiffs then filed a Second Amended Complaint, and the Countrywide Defendants again moved to dismiss. The

1  Court granted that motion to dismiss with leave to amend as to Plaintiffs' Truth in Lending Act
2  ("TILA") claim and fraudulent omissions claim, and denied the motion as to Plaintiffs' claim for
3  violation of California's Unfair Competition Law ("UCL") claim.  (July 2, 2009 Order Granting
4  in Part and Denying in Part Motion to Dismiss ("July 2 Order"), Docket Entry 79.)  Plaintiffs
5  filed a Third Amended Complaint, and the Court later granted a stipulation to file the FAC.
6  　　　　In the FAC, Plaintiffs dropped their TILA claim, and now bring two claims against the
7  Countrywide Defendants, numbered as follows: (1) fraudulent omissions; and (2)  unfair
8  business practices in violation of the UCL, Cal. Bus. & Prof. Code §§ 17200, et seq.
9  　　　　Defendants now move to dismiss both claims in the FAC.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Dismissal

without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ANALYSIS**

**1.    PLAINTIFFS' SECOND CLAIM, FOR VIOLATIONS OF THE UCL**

Plaintiffs' second claim, for UCL violations, is brought against all Defendants. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. In the July 2 Order, this Court held that Plaintiffs "adequately alleged a claim for unfair business practices" under the "unfair" prong of the UCL. (July 2 Order 7:9-10.)

Plaintiffs have preserved the wording and substance of their UCL claim in the FAC. The law of the case doctrine "ordinarily precludes reconsideration of a previously decided issue." *U.S. v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997). Because the Court considered and ruled on the UCL claim in the July 2 Order, the Court does not reconsider the issue here.

The Motion to Dismiss is DENIED as to Plaintiffs' second claim.

**2.    PLAINTIFFS' FIRST CLAIM, FOR FRAUDULENT OMISSIONS**

Plaintiffs' first claim for fraudulent omissions is brought against all defendants. In the July 2 Order, the Court held that "Plaintiffs [did] not allege[] sufficient facts showing that a relationship giving rise to a duty to disclose existed between Plaintiffs and the Countrywide Defendants," and that Plaintiffs therefore failed to state a claim for fraudulent omissions.

There are "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the

defendant makes partial representations but also suppresses some material facts." *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986) (citations omitted). The Countrywide Defendants argue that Plaintiffs have failed to allege facts establishing any of these circumstances. The Court agrees.

Plaintiffs make four arguments as to why the Countrywide Defendants should be liable for the fraudulent omissions claim. Plaintiffs first argue that Countrywide Bank and Countrywide Home Loans had a duty to disclose because they allegedly participated in the drafting and approval of First Metropolitan's loan documents. (*See* Opp'n 13:22-15:18.) "California courts recognize the principle of indirect misrepresentation, under which a knowingly false statement is no less actionable because it was made to an intermediary who then conveyed it to the party ultimately injured." *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 94 (2001). "[T]his doctrine requires that the defendant intend or has reason to expect that [the misrepresentation] will be 'repeated and acted upon by the plaintiff.'" *Id.* (citing *Geernaert v. Mitchell*, 31 Cal. App. 4th 601, 605-06 (1995)). Plaintiffs do not point to factual allegations identifying what documents or portions of documents that Countrywide Bank and Countrywide Home Loans purportedly drafted or approved. But Plaintiffs do allege that First Metropolitan inserted the "material facts" into the disclosures before giving the disclosures to the customers. (FAC ¶ 59(f).) Accordingly, Plaintiffs fail to allege sufficient facts to show that the misrepresentations relied upon by Plaintiffs were provided indirectly by the Countrywide Defendants.

Next, Plaintiffs argue that the Countrywide Defendants had a duty to disclose based on partial representations in the loan documents. (Opp'n 15:20-17:23.) This argument fails as well. While Plaintiffs are correct that a duty to disclose can arise out of a partial representation, *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997), Plaintiffs fail to allege that the Countrywide Defendants actually made any representations to Plaintiffs. Instead, again, Plaintiffs allege that *First Metropolitan* inserted the "material facts" into the disclosures and provided those disclosures to Plaintiffs. (FAC ¶ 59(f).) Accordingly, Plaintiffs did not allege that the Countrywide Defendants made the "partial representations," and therefore no duty to

5

1  disclose arose out of the alleged partial representations.

2  Plaintiffs' third argument is that Countrywide is an assignee of the loan, and that the
3  Countrywide Defendants therefore "stepped into the shoes" of First Metropolitan. (Opp'n
4  17:28.) But while a subsequent assignee "stands in the shoes" of the assignor as to defects or
5  infirmities in the assigned contract, Plaintiffs cite no authority for their premise that an assignee
6  "stands in the shoes" of the assignor as to claims of fraud. Instead, Plaintiff cites breach of
7  contract and warranty cases. (*See* Opp'n 18:7-14 (citing *Royal Bank Export Fin. Co. c.*
8  *Bestways Distrib. Co.*, 229 Cal. App. 3d 764, 768 (1991) (assignment of contract was subject to
9  defense that goods were not merchantable); *Music Acceptance Corp. v. Lofing*, 32 Cal. App. 4th
10 610, 622 (1995) (assignment of consumer credit contract was subject to claims for breach of
11 implied warranty).) Thus, this argument fails as well.

12  Finally, Plaintiffs argue that the Countrywide Defendants are liable for fraudulent
13 omissions as aiders and abettors of First Metropolitan. (Opp'n 19:23-21:10.) To establish an
14 aiding and abetting claim, a plaintiff must allege that the defendant "knows the other's conduct
15 constitutes a breach of a duty and gives substantial assistance or encouragement to the other to
16 so act." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 993 (9th Cir. 2006). To "know[] the
17 other's conduct constitutes a breach," *id*., the defendant must have "actual knowledge of the
18 specific primary wrong the defendant substantially assisted," *Casey v. U.S. Bank Nat'l Ass'n*,
19 127 Cal. App. 4th 1138, 1145 (2005). *See also id.* at 1147 ("suspicion and surmise do not
20 constitute actual knowledge") (citing *In re Sharp Intern. Corp.*, 281 B.R. 506, 515 (Bankr.
21 E.D.N.Y. 2002)). Again, the allegation that First Metropolitan, not the Countrywide Defendants,
22 inserted the "material facts" into the disclosures is contrary to Plaintiffs' position. (FAC ¶
23 59(f).) Plaintiffs do not allege that the Countrywide Defendants knew what "material facts"
24 would be entered and that those "material facts" would be fraudulent. Accordingly, Plaintiffs
25 cannot state an aiding and abetting claim based on the facts alleged in the FAC.

26  Because Plaintiffs have not alleged sufficient facts to show that the Countrywide
27 Defendants owed a duty to disclose or that the Countrywide Defendants aided and abetted First
28

6

1 Metropolitan, the Motion to Dismiss is GRANTED as to Plaintiffs' third claim for fraudulent
2 omissions.

3 **DISPOSITION**

5      The FAC is Plaintiffs' fifth attempt at pleading viable claims for relief.  The Court is
6 convinced that further attempts to amend would be futile.  *See Jackson*, 353 F.3d at 758.
7 Accordingly, the Motion to Dismiss is GRANTED without leave to amend as to Plaintiffs' first
8 claim for relief.  The Motion is DENIED as to Plaintiffs' second claim.

10 IT IS SO ORDERED.
11 DATED: May 10, 2010

13                                      Andrew J. Guilford
14                                   United States District Judge